UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM RAPHAEL,<br>    Plaintiff,<br>v.<br>MARCOS GOMEZ, et al.,<br>    Defendants. | Case No. 2:25-cv-01338-NJK[1]<br>**Order**<br>[Docket No. 6] |

Pending before the Court is Defendants' motion to dismiss. Docket No. 6. The Court does not require further briefing or a hearing. *See* Local Rule 78-1.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(4) of the Federal Rules of Civil Procedure allows a party to challenge irregularities in the contents of a summons. *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). Bringing such a motion is generally a fool's errand. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Absent a showing of prejudice stemming from a defect in the summons, dismissal is generally not warranted. *Id.* The rules allow for a deficiency in a summons to be cured by amendment. *See* Fed. R. Civ. P. 4(a)(2); *see also Great Plains Crop Mgmt., Inc. v. Tryco Mfg.*

---

[1] This case is currently referred to the undersigned magistrate judge as part of the District's opt-out program. *See* Docket Nos. 3, 4. At any rate, the relief provided herein is not dispositive in nature or effect, such that the ruling is within a magistrate judge's authority in a non-consent case. *See Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990); *see also, e.g.*, *Alexander v. Nev.*, Case No. 3:10-cv-00429-RCJ-WGC, 2014 WL 7365930 (D. Nev. Dec. 24, 2014) (magistrate judge issuing order, as opposed to report and recommendation, granting motion to quash service and for further service efforts).

*Co., Inc.*, 554 F. Supp. 1025, 1028 (D. Mont. 1983).[2] "Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently grant amendments to cure defective process." *Lane v. Fontaine*, Case No. 3:09-cv-00260-LRH-RAM, 2010 WL 186160, at *1 (D. Nev. Jan. 15, 2010) (construing Nevada Rules of Civil Procedure by looking to corresponding federal law); *see also Maricopa Cnty. v. Am. Petrofina, Inc.*, 322 F. Supp. 467, 470 (N.D. Cal. 1971) (although summons was invalid for lack of clerk's signature and seal of the court, explaining that in practical terms the defendant at best "would gain nothing but time" since valid service could be accomplished thereafter). In addition, "[t]he court may order the amended summons served on defendant[s'] attorney to avoid the necessity of re-serving the defendant[s] personally." *Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. 1989).[3]

In this case, Plaintiff is proceeding without an attorney and attempted service prior to removal using summonses unsigned by the state district court clerk and lacking the court's seal. *See* Docket No. 1-3. Defendants are correct that the summonses are defective. Nev. R. Civ. P. 4(a)(1)(G), (H). The Court is not persuaded, however, that dismissal is a proper remedy. As an initial matter, ample time remains for Plaintiff to effectuate service. *See* Fed. R. Civ. P. 4(m) (providing 90 days for service); *see also, e.g.*, *Schauf v. Am. Airlines*, Case No. 1:15-cv-01172-SKO, 2015 WL 5647343, at *5 (E.D. Cal. Sept. 24, 2015) ("The [90]-day period set forth in Rule 4(m) starts to run upon removal to the federal district court, not on the date the action originated in state court"). Plaintiff's *pro se* status further militates against dismissal on this ground. *See, e.g.*, *Fuentes v. Nat. Tr. Co. Deutsche Bank*, Case No. 22-cv-04953-BLF, 2023 WL 2278701, at *4 (N.D. Cal. Feb. 27, 2023). Moreover, the Court has a strong preference for deciding cases on their merits and Defendants fail to establish prejudice. Rather than dismiss the amended complaint, the summonses will be amended to cure the deficiencies identified.

---

[2] The fact that a summons was issued by the state court prior to removal does not impede the ability to amend the summons in federal court after removal. *See* 28 U.S.C. § 1448 (in removed cases "in which process served proves to be defective, . . . new process [may be] issued in the same manner as in cases originally filed in [federal] district court").

[3] Defendants' argument is predicated largely on an unpublished Ninth Circuit decision from 1992. *See* Docket No. 6 at 6-7. Defendants' citation to this unpublished decision violates the governing rules. *See* 9th Cir. R. 36-3(c). Moving forward, <u>defense counsel must ensure compliance with all applicable rules</u>.

Accordingly, Defendants' motion is **GRANTED** in limited part as stated above. The Clerk's Office is **INSTRUCTED** to issue a summons for each Defendant and to place those summonses on the docket such that they are served on defense counsel through the Court's electronic system. Defendants must respond to the amended complaint within 21 days of the issuance of the amended summonses. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).[4]

IT IS SO ORDERED.

Dated: July 31, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Defendant Las Vegas Metropolitan Police Department also moves to dismiss the amended complaint on Rule 12(b)(6) grounds. *See* Docket No. 6 at 3-5. In light of the finding above, the Court declines to address that argument at this time. *See, e.g., Wilcox v. Portfolio Recovery Assocs., LLC*, Case No. 2:20-cv-01545-JAD-NJK, 2020 WL 6729278, at *2 (D. Nev. Nov. 16, 2020) (citing *Hobby v. Mulhern*, Case No. CV050081PHXSRB, 2005 WL 2739010, at *1 (D. Ariz. Oct. 21, 2005)).

3